# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BRIAN LOCKE,**

                Plaintiff,

                                                          **Case No. 08-C-678**

    -vs-

**U.S. DISTRICT COURT, WESTERN DISTRICT**
**OF WISCONSIN, U.S. COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT,**

                Defendant.

## DECISION AND ORDER

Brian Locke ("Locke") is a prisoner currently incarcerated at Green Bay Correctional Institution. On February 11, 2008, Judge Crabb denied Locke's request to proceed *in forma pauperis* ("IFP") in *Locke v. Frank, et al.*, Case No. 07-CV-00480-jcs (W.D. Wis.) because Locke already accrued three strikes and did not show that he was in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Finding no relief from this judgment before Judge Crabb or in the Seventh Circuit, Locke filed the instant action to "correct" the status of his strikes and to process the IFP status in his appeal of 07-CV-480 (W.D. Wis.). He also requests leave to proceed IFP in the instant case.

As should be apparent, to the extent this action is a collateral attack on the proceedings in the Western District, Locke's lawsuit is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Locke's only avenue for relief from the effect of Judge Crabb's order is with Judge Crabb or the Seventh Circuit. This Court has no jurisdiction to review, correct or modify the orders of those courts.

Even if Locke's lawsuit was not frivolous, he could not proceed without prepaying the entire filing fee under the three strikes rule because he has not shown that he is in imminent danger of serious physical injury. § 1915(g). Locke remains liable for the entire $350 filing fee for this action. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (citing *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997)).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Locke's motion for leave to proceed IFP [D. 2] is **DENIED**;

2. This matter is **DISMISSED WITH PREJUDICE**; and

3. The plaintiff filed a certified copy of his prisoner trust account statement for the 6-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). In accordance with the provisions of 28 U.S.C. § 1915(b)(1)(B), the plaintiff is required to pay an initial partial filing fee of $1.68. Plaintiff shall pay the initial partial filing fee of $1.68 to the Clerk of this Court within 21 days of the date of this Order. After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1). No payment is required in months when the prisoner's preceding month's income is $10.00 or less.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2008.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**